UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PF PARTICIPATION FUNDING TRUST, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0791-B |
| PRINCIPAL LIFE INSURANCE COMPANY, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Principal Life Insurance Company's (Principal Life) Motion to Dismiss for Failure to Join Indispensable Parties and Improper Venue. Doc. 11. For the following reasons, the Court **DENIES** Principal Life's Motion.

### I.

### BACKGROUND[1]

This is a declaratory-judgment action. Plaintiff PF Participation Funding Trust (PFP Funding) seeks a declaration that it is the owner and beneficiary of two life insurance policies (Policies) issued by Principal Life and that it has the right to collect the death benefit on each policy once it matures. Doc. 1, Compl., ¶ 54.

In January 2008, Principal Life issued the first policy to the Harris Trust with the trustee as Paul Harris and Harris Trust as the sole owner and beneficiary. *Id.* ¶¶ 23–24. In May 2008, Principal

---

[1]The Court draws its factual history from the parties' pleadings. Any contested fact is identified as the contention of a particular party.

- 1 -

Life issued the second policy to the Croteau Trust with Carol Croteau as the trustee and the Croteau Trust named as the sole owner and beneficiary. *Id.* ¶¶ 14–15. The Harris Trust and the Croteau Trust are collectively referred to in this Order as the Trusts.

The Trusts financed the Policies by obtaining loans from nonparty First Bank of Delaware (FBD). *Id.* ¶¶ 16–17, 25–26. In 2006, FBD and PFP Funding entered into a series of agreements (Participation and Administrative Agreements) under which FBD agreed to make loans like the ones obtained by the Trusts and to sell a 100% participation interest in those loans to PFP Funding. *Id.* ¶ 7. To obtain a loan, borrowers formed irrevocable life insurance trusts and the trusts executed a note and collateral assignment of the policy to FBD as a security interest. *Id.* ¶ 8. The insured then signed a Guarantor's Disclosure and Acknowledgment that stated that the borrower understood that the trust granted FBD both a security interest in the policy and the power to exercise its rights under the policy in case of default. *Id.* ¶ 9. Although both Trusts defaulted, FBD did not foreclose on the Policies. *Id.* ¶ 31.

In 2012, the Federal Deposit Insurance Corporation forced FBD into liquidation, which transferred FDB's assets into the FBD Liquidating Trust (Liquidating Trust). *Id.* ¶¶ 35–37. In 2013, the Liquidating Trust transferred its rights under the Participation and Administrative Agreements to PFP Funding and granted PFP Funding a limited power of attorney to take action on those assets. *Id.* ¶¶ 38–39. Then, PFP Funding submitted to Principal Life a request to change the record owner of the Policies to itself so that it could foreclose on the Policies. *Id.* ¶ 41. But Principal Life refused to make the change. *Id*. PFP Funding subsequently negotiated settlement agreements with both Trusts in which they relinquished all rights, title, and interest in the Policies, and agreed to submit principal ownership change forms to Principal Life. *Id.* ¶¶ 43–44, 46. Principal Life rejected the

change forms. *Id.* ¶ 48.

After PFP Funding filed suit, Principal Life filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(b)(3), claiming that the Trusts are indispensable parties and must be joined, and that venue is improper. Doc. 11, Mot. to Dismiss. 2–3. Principal Life's motion is ripe for review.

## II.

## LEGAL STANDARD[2]

Federal Rule of Civil Procedure 12(b)(7) authorizes the court to dismiss a case for failure to join an indispensable party. Resolution of a 12(b)(7) motion requires two steps. *August v. Boyd Gaming Corp.*, 135 F. App'x 731, 732 (5th Cir. 2005). "First a court must determine whether a party should be added under the requirements of Federal Rule of Civil Procedure 19(a)." *Id.* Under Rule 19(a), a person is a required party if (1) the person's absence will prevent the court from "accord[ing] complete relief among existing parties," or (2) the person has an interest in the subject of the case, and disposing of it in the person's absence will either "impair or impede the person's ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. Fed. R. Civ. P. 19(a)(1)(A)–(B).

Second, if it is not feasible to join the required person, a court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed" under Rule 19(b). Four factors are relevant to this analysis: (1) " the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2)

---

[2] The Court omits the Rule 12(b)(3) legal standard because it does not reach the issue of venue.

the degree to which "protective provisions in the judgment," "shaping the relief," or "other measures" might mitigate any prejudice; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.*

"[C]ourts are reluctant to grant motions to dismiss of this type." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1359 (3d ed. 2004). A court deciding a Rule 12(b)(7) motion "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." *Id.* Furthermore, the party seeking dismissal "has the initial burden of demonstrating that a missing party is necessary." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). But once "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006)).

## III.

## ANALYSIS

Principal Life contends that the Trusts are indispensable parties and must be joined. Doc. 11, Mot. to Dismiss, 2. But it argues that the Court cannot do so because the Court lacks personal jurisdiction over the Harris Trust, making venue improper. *Id.* Thus, it claims the Court must dismiss the case under Rule 12(b)(7). *Id.* The Court first examines whether the Trusts are indispensable parties.

Principal Life argues the Trusts are indispensable parties because they are the owners and beneficiaries of the Policies and therefore have interests in the Policies. Doc. 12, Def.'s Br. in Supp., 6–7. Principal Life contends that because the Trusts are absent they are unable to protect their

interests; thus, a ruling for PFP Funding would irreparably prejudice the Trusts because it would deprive them of claims to the Policies. *Id*. at 8. Principal Life also claims that failure to join the Trusts would leave it vulnerable to suit from the Trusts, and the risk of multiple suits supports joining the Trusts to conclusively resolve the matter in this case. *Id.* at 7.

PFP Funding argues that the Trusts are not indispensable parties because they no longer have an interest in the Policies. Doc. 16, Pl.'s Resp., 4. It contends that when the Trusts transferred the Policies' titles to PFP Funding pursuant to the settlement agreements, they acknowledged PFP Funding as the Policies' sole beneficiary and owner. *Id*. at 3. And the Trusts submitted change of ownership forms to Principal Life requesting that Principal Life name PFP Funding as the sole owner and beneficiary of the Policies. *Id*. at 4.[3]

The Court finds that the Trusts are not indispensable and do not need to be joined because they are not required parties under Rule 19(a)(1). First, Principal Life failed to show that the Court cannot grant complete relief without the Trusts. *See* Fed. R. Civ. P. 19(a)(1)(A). Principal Life argues that if the Court does not join the Trusts it may face future litigation from the Trusts. Doc. 12, Br. in Supp., 7. But claims fo future litigation at "some undefined time in the future" are insufficient to demonstrate that the Court is unable to award complete relief between the existing parties. *Pavecon Holding Co. v. Tuzinski*, CIVIL ACTION NO. 4:16-cv-00888-ALM-CAN, 2017 WL 2539414, at *3 (E.D. Tex. May 19, 2017); *see GE Bus. Fin Servs., Inc. v. Sundance Res., Inc.*, Civil

---

[3] PFP Funding also points to statements from the trustees in which the Trusts disclaim any interest in the policies or in joining this suit. Doc. 16, Pl.'s Resp., Ex. A, Ex. B. Principal Life contests the admissibility of these documents. Doc. 19, Def.'s Reply, 1–3. But because the Court can rule on the motion without considering the trustees' declarations, it **OVERRULES** Principal Life's objections as moot. *See Ennis Transp. Co. v. Richter*, No. 3:08-cv-2206-BH, 2011 WL 3702727, at *2 (N.D. Tex. Aug. 22, 2011).

Action No. 3:09-cv-00253-B, 2009 WL 1449052, at *1 (N.D. Tex. May 21, 2009).

Second, Principal Life fails to meet its burden to show that the Trusts have "an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). The Court accepts as true PFP Funding's allegation that under the settlement agreements the Trusts transferred their interests in the Policies to PFP Funding. Doc. 1, Compl., ¶¶ 44, 46. And the Change of Ownership Forms signed by the trustees further indicate that the Trusts agreed to transfer ownership of the Policies to PFP Funding. *See* Doc. 1-1, Exs. 23–24. Thus, because the Trusts are not required parties under either subsection of Rule 19(a), the Court need not conduct an analysis under Rule 19(b). Similarly, the Court need not evaluate Principal Life's personal-jurisdiction and improper-venue arguments because they rely on the assumption that the Harris Trust is an indispensable party.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Principal Life's Motion to Dismiss. Doc. 11.

**SO ORDERED.**

**SIGNED: July 16, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE